OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
On April 19, 1982, police arrested defendant for harassment and learned from the records that he had been charged with burglary in 1981. Without asking defendant about the status of the burglary charge, investigators questioned him about two unrelated sex crimes which had been committed in February 1981 and April 1982. After waiving his Miranda rights, defendant made incriminating statements as to both crimes. With respect to the 1981 burglary charge, defendant had entered a guilty plea on November 6, 1981, and at the time of the questioning, was represented by counsel on appeal from the burglary conviction. Defendant now argues that the police should be *885 charged with knowledge that he was represented by counsel on the unrelated appeal. Accordingly, he claims, under People v Rogers (48 NY2d 167) he should not have been questioned in the absence of counsel.
Where an individual is actually represented on a pending charge brought to the attention of the police, custodial interrogation on any crime, even if unrelated, is prohibited (People v Ferrara, 54 NY2d 498, 507; People v Rogers, supra). The question here is whether this rule should be extended to the situation where the defendant is represented not on a “pending charge” but on an appeal from a criminal conviction. While we agree with the Appellate Division that it should not, we affirm the defendant’s conviction on a different basis from that articulated below.
A primary concern underlying Rogers was that a defendant could incriminate himself on the pending charge, on which he is represented, even though the questions ostensibly concern unrelated charges. As this court noted, “it is the role of [the] defendant’s attorney, not the State, to determine whether a particular matter will or will not touch upon the extant charge” (People v Rogers, 48 NY2d 167, 173, supra). This same concern is not present where the defendant already stands convicted and is represented only on an appeal from the conviction. After conviction and sentence, prosecutorial authorities do not have the same motivation to gather evidence incriminating the defendant on charges for which he has already been convicted, and an appellate court generally considers only the issues raised by the record of the judgment of conviction. In most cases, a statement bearing on charges that are already the subject of a conviction would be of little use to the prosecution as a case wends it way — often for years — through the appellate process.
Of course, an appellate attorney would hardly abandon a client being questioned on unrelated charges, and statements made after conviction may well become significant if there is a new trial. But in deciding whether to extend the Rogers rule to the situation before us, we also cannot lose sight of the State’s “significant interest in investigating and prosecuting criminal conduct” (People v Rogers, 48 NY2d 167, 173, supra). We conclude that any interest in extending the right to counsel rule articulated in Rogers throughout the often-protracted duration of an appeal is outweighed by the legitimate interest in law enforcement.
*886 Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur.
Order affirmed in a memorandum.